UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LAVELLE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:25-cv-01249-MMM |
| | ) |
| LATOYA HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, proceeding pursuant to 42 U.S.C. § 1983 pro se and presently incarcerated at Pontiac Correctional Center, alleges Defendants violated his Eighth Amendment rights by imprisoning him under unconstitutional conditions of confinement.

I. MERIT REVIEW

The Court must "screen" Plaintiff's complaint to determine if Plaintiff states a claim for relief. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013).

A. Facts

Plaintiff sues IDOC Director Latoya Hughes, Lieutenant Doolin, Warden Mindi Nurse, and Correctional Officers Lawrance, Good, and Krominga.

On July 2, 2023, Plaintiff was moved to cell SPC 642. The toilet was clogged with feces. Water leaked from the ceiling, mainly near the electrical socket and near the sink. There was no hot water. Water puddled on the floor.

Plaintiff alleges that the correctional officer Defendants knew about the cell issues but forced Plaintiff to stay in the cell anyway. Plaintiff filed a grievance on July 5. The counselor responded that Lt. Doolin was contacted and Doolin reported that the toilet was repaired on July 31, and all other issues would be addressed in order of work order receipt unless deemed an emergency by the Warden. Plaintiff was required to live in the above conditions for 28 days.

B. Analysis

"Inmates have the right to 'humane conditions of confinement,' and 'prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Daugherty v. Harrington*, 906 F.3d 606, 611 (7th Cir. 2018) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations and quotation marks omitted)).

Plaintiff's allegations are enough to state a claim against Lieutenant Doolin, Warden Mindi Nurse, and Correctional Officers Lawrance, Good, and Krominga.

Though the pleadings are brief, and discovery may tell a different story, Plaintiff plausibly alleges these Defendants knew about and did not take available actions to correct the conditions of Plaintiff's cell.

Plaintiff does not state a claim against the IDOC Director. High level supervisors cannot be held liable simply because of their position of authority and there is no plausible indication that the Director knew of and turned a blind eye to the conditions with Cell SPC 642 at Pontiac during the 28 days Plaintiff was in it. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018).

II.     REQUEST FOR COUNSEL

Plaintiff has asked for court assistance in finding an attorney. Doc. 5.

This Court does not have the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55.

Plaintiff has not made a reasonable attempt to find counsel on his own and has not indicated that he is being prevented from doing so. First, there is no indication that Plaintiff does not have access to writing materials and to the mail. He has been in communication with the Court without apparent issue in this basic regard. Second,

parties typically show they have made a reasonable attempt to find counsel by writing to several law firms that practice civil rights law on behalf of prisoners, explaining the specifics of <u>this lawsuit</u>, and asking for representation. Copies of those letters sent along with copies of the responses received may then be filed with any renewed motion to request counsel. Any renewed motion should also explain any specifics as to Plaintiff's ability to litigate this case, including his education, legal experience, and any other issues that bear on his ability to represent himself.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Motion to Request Counsel [5] is DENIED as stated above.**

2. **Motion for Status [6] is MOOT.**

3. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states an Eighth Amendment claim for unconstitutional conditions of confinement against Lieutenant Doolin, Warden Mindi Nurse, and Correctional Officers Lawrance, Good, and Krominga. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Clerk to terminate Defendant Latoya Hughes.**

4. **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for the named Defendants before filing any motions, to give notice to said Defendants and an opportunity to respond to those motions. Motions filed before counsel has filed an appearance on behalf of Defendants will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.**

5. **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

6. **As to a named Defendant who no longer works at the address provided by Plaintiff, the entity that Defendant worked for while at that address shall provide the clerk said Defendant's current address, or, if not known, a forwarding address. This information will be used only to effect service. Such addresses shall be retained only by the Clerk and will not be maintained in the public docket nor disclosed by the Clerk.**

7. **Defendants shall file an answer within 60 days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and later pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless a motion is filed by the Defendants. No response to the answer is necessary or will be considered.**

8. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the clerk. Plaintiff does not need to mail copies of motions and other papers to defense counsel that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

9. **Defense counsel is granted leave to depose Plaintiff.**

10. **Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Failure to notify the Court of such change will result in dismissal of this lawsuit, with prejudice.**

11. **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered February 4, 2026.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE